IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE B. OTEY | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. AW-05-1883 |
| MELANIE PEREIRA | * | |
| THURBERT BAKER | | |
| JUDGE JOYCE AVERILS | * | |
| JUDGE B. H. KIDD | | |
| J. TODD | * | |
| Respondents. | | |

*****

**MEMORANDUM**

Petitioner George B. Otey alleges that he has been incarcerated at the Howard County Detention Center ("HCDC") since October 7, 2004.[1]  Paper No. 1.  He claims that he was served with a detainer from the Fugitive/Warrants Division of the Dekalb County, Georgia Sheriff's Department on October 8, 2004.  *Id*.  Petitioner complains that he has contacted authorities at the HCDC, the local courts in Dekalb County, and the Attorney General for the State of Georgia to demand a disposition of the detainer under the Interstate Agreement on Detainers ("IAD").   He seeks to compel Maryland and Georgia authorities to drop the detainer and to cease all efforts to remove him from Maryland to Georgia.  *Id*.   He names as Respondents the HCDC Warden, the Attorney General Of Georgia, two Dekalb County judges, and an investigator for the Fugitive/Warrants Division of the Dekalb County Sheriff's Department.  *Id*.

To the extent that Petitioner is requesting that this court compel state officials to quash the detainer and stop his extradition to Georgia, his claim shall be construed as a plea for mandamus relief, filed pursuant

---

[1]  Petitioner indicates that he received a one-year sentence to be served in the HCDC.

to 28 U.S.C. § 1361, and shall be denied. Under 28 U.S.C. §1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, federal district courts have no mandamus jurisdiction over state officials and cannot compel them to lift a detainer or cease extradition proceedings.[2] *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

A separate Order shall be entered in compliance with the opinion set out above.[3]

Date: July 21, 2005                                /s/
                                        Alexander Williams Jr.
                                        United States District Judge

---

[2] Were this Court to alternatively construe the Petition as a 28 U.S.C. § 2241 challenge to the detainer, it would dismiss the cause of action. At present, Petitioner has provided no factual background with regard to the nature his Georgia detainer, nor has he specifically discussed how he has "exhausted" his state court remedies. Petitioner must pursue an appropriate action in the Georgia state courts before a federal court may entertain his § 2241 request. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1972) (petitioner must exhaust state remedies in the state which has filed the detainer against him (dictum)). While confined in this district, Petitioner is free to file a 28 U.S.C. § 2241 petition in this Court which provides background information regarding his Georgia detainer and demonstrates his compliance with exhaustion requirements.

[3] Although Petitioner has not filed the appropriate civil filing fee or an indigency application, he shall not be ordered to cure this procedural deficiency.